IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES WILLIAM HOOPER,

                      Plaintiff,                  OPINION and ORDER

    v.

                                                 11-cv-565-slc

STATE OF WISCONSIN,

                      Defendant.

---

Plaintiff Charles William Hooper brings this proposed civil action against the State of Wisconsin. He is proceeding pro se and has been allowed to proceed without prepayment of costs and fees in this action.

The next step is determining whether Hooper's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Hooper does not meet this hurdle, he will not be allowed to proceed against defendant State of Wisconsin.

## ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes facts alleged in the complaint.

Plaintiff Hooper alleges that he was incarcerated by the State of Wisconsin for the period of four years, one month, without a trial. He seeks monetary relief in addition to a fair trial by the courts in the State of Wisconsin.

OPINION

Plaintiff's claim against the State of Wisconsin is barred by the Eleventh Amendment. The State of Wisconsin cannot be sued because it is entitled to immunity under the Eleventh Amendment. A suit against a state is barred regardless whether the plaintiff is seeking damages or injunctive relief. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 102 (1984) (citing *Cory v. White*, 457 U.S. 85, 91 (1982)). Therefore, plaintiff cannot proceed on this claim against the State of Wisconsin. Perhaps individual state actors have violated plaintiff's constitutional rights by imprisoning him for 49 months without a trial, but plaintiff proffers no facts about and makes no claims against any specific person.

To the extent that Hooper may be challenging his ongoing detention by the State of Wisconsin, his proper remedy would be to petition the state court for a writ of habeas corpus. Once plaintiff has exhausted his state court remedies, then he may petition this federal court for a writ under 28 U.S.C. § 2254. Right now, however, Hooper has not stated a claim for relief under federal law, so he will not be allowed to proceed in this case.

ORDER

IT IS ORDERED that the complaint of plaintiff Charles Hooper is dismissed for failure to state a claim for relief under federal law. The clerk of court is directed to close this case.

Entered this 22nd day of September, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge